UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES EDWARD CLARK,<br>    Petitioner,<br><br>  v.<br><br>JAMISON,<br>    Respondent. | :<br>:<br>:<br>:  Case No. 3:23-cv-455 (MPS)<br>:<br>:<br>: |

**MEMORANDUM OF DECISION**

Petitioner James Edward Clark, a federal inmate at FCI Danbury, filed this petition and amended petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release to home confinement under the CARES Act, Pub. L. 116-136, § 12003(b)(2), 134 Stat. 218, 516 (2020), and immediate application of Earned Time Credits under the First Step Act, 18 U.S.C. §§ 3624(g), 3632(d).  In response to the court's amended order to show cause, the respondent argues that the petitioner has not exhausted his administrative remedies, the CARES Act does not apply, and the petitioner is not legally entitled to application of his Earned Time Credits.  For the following reasons, the petition and amended petition are denied.

**I.     Background**

On December 21, 2018, Congress enacted the First Step Act ("FSA"), which was intended to encourage federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs").  Inmates earn Time Credits upon successful participation in these activities and the Time Credits qualify the inmates for early release from custody.  *See* 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)(1)(A).

Application of the Time Credits will enable an inmate to be transferred sooner to

prerelease custody, be it in a residential reentry center, on home confinement, or on supervised release.  *See* 18 U.S.C. § 3624(g).  Inmates classified as minimum or low risk of recidivism are eligible to earn either 10 or 15 days of credit for every 30 days of successful participation in EBRRs or PAs.  *See* 18 U.S.C. § 3632(d)(4)(A).

In addition to specifying when inmates can earn Time Credits, the FSA considers situations where an inmate is eligible to earn Time Credits but cannot have those credits applied to reduce his sentence.  Inmates must have shown a demonstrated risk reduction or be maintaining a minimum/low risk of recidivism to have their Time Credits applied.  *See* 18 U.S.C. § 3624(g)(1)(B).  In addition, although an inmate may be accumulating Time Credits each month, he is only "eligible" to have those credits applied to his sentence when he has "earned time credits under the risk and needs assessment system ... in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment."  18 U.S.C. § 3624(g)(1)(A).

The petitioner was sentenced on November 6, 2009, in the Eastern District of Pennsylvania.  Pet., ECF No. 1 at 1.  He was sentenced to a term of imprisonment of 360 months.  Cocho Decl., ECF No. 16-1, ¶ 4.  Assuming the petitioner will continue to earn, and not lose, projected statutory good conduct time, his projected release date with good time credit is February 18, 2034.  *Id*.  As of May 7, 2023, the date of the response to the order to show cause, Bureau of Prisons records showed that the petitioner had 520 days of Earned Time Credit.  *Id*. ¶ 6.

**II.      Standard of Review**

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A petition filed

under section 2241 may be used to challenge the execution of a prison sentence. Thus, section 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006). Before filing a habeas petition under section 2241, prisoners are required to exhaust internal grievance procedures. *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001).

### III.    Discussion

In the original petition, the petitioner seeks immediate application of 1,393 days of Earned Time Credits to advance his release to the detainer lodged against him. Pet. ECF No. 1 at 9, 12. In his amended petition, he argues that his case manager lacked authority to deny him home release under the CARES Act and the FSA. Am. Pet., ECF No. 13 at 3, 4.

#### A.    Exhaustion of Administrative Remedies

The respondent first argues that the petitioner failed to exhaust his administrative remedies before filing this petition. In response, the petitioner states that he filed administrative remedies while he was incarcerated at FCI Otisville but never received answers. He also states that his claims arose during the pandemic, and it took him six weeks to get a BP-8 form to commence the exhaustion process. Pet., ECF No. 1, at 10 & Pet'r's Reply, ECF No. 17 at 1. He submits no evidence to support this assertion.

Before filing a habeas petition under section 2241, prisoners are required to exhaust internal grievance procedures. *See Carmona*, 243 F.3d at 634. "Although § 2241 does not explicitly require exhaustion of administrative remedies, in this Circuit, exhaustion of administrative remedies is generally a prerequisite to habeas corpus relief under § 2241." *Tashbook v. Petrucci*, 2022 WL 884974, at *5 (S.D.N.Y. Mar. 25, 2022) (citation and internal

quotation marks omitted).

The BOP has a four-step process for inmates to exhaust administrative remedies: informal resolution, initial filing with the Warden, and two levels of appeals to the Regional Director and the Central Office, respectively. *See* 28 C.F.R. §§ 542.13-15. An administrative appeal is not considered fully exhausted until it has been ruled on by the General Counsel's Office in the BOP Central Office in Washington D.C. 28 C.F.R. § 542.15; *South v. Licon-Vitale*, No. 3:19-cv-1763(VLB), 2020 WL 3064320, at *1 (D. Conn. June 9, 2020).

"Failure to exhaust administrative remedies results in a procedural default, which bars judicial review unless the petitioner persuades the Court that the failure to exhaust should be excused." *Rosenthal v. Killian*, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009). Exhaustion may be excused "only if the prisoner comes forward with evidence of 'cause for his dereliction and consequent prejudice,' and only then if cause-and-prejudice evidence outweighs the interests in judicial economy and accuracy behind the administrative exhaustion requirement." *Goodall v. von Blanckensee*, No. 17 Civ. 3615(KMK)(JCM), 2019 WL 8165002, at *4 (S.D.N.Y. July 19, 2019) (quoting *Carmona*, 243 F.3d at 633-34), *report and recommendation adopted*, 2020 WL 1082565 (S.D.N.Y. Mar. 5, 2020).

Courts within this circuit hold that "exhaustion is required for Petitioner's challenge to the BOP's application of his FSA credits because the BOP is in the best position to assess whether there was an error in considering Petitioner's entitlement to credit under the FSA and 'should be given an opportunity to correct any such error.'" *Hajati v. U.S. Dep't of Probation*, No. 3:22-CV-887(VAB), 2023 WL 2895903, at *2 (D. Conn. Mar. 24, 2023) (quoting *Reyes v. United States*, No. 22-CV-6064(NSR), 2022 WL 4240821, at *1 (S.D.N.Y. Aug. 26, 2022)).

4

A review of the administrative remedies filed by the petitioner shows that he has not properly exhausted his remedies on either claim asserted here. The record shows that, in December 2020, he filed one remedy at the Central Office level regarding a reduction in sentence, but that remedy was denied because the petitioner had not first filed an administrative remedy with the warden. ECF No. 16-1 at 12. It is not clear what exact claim was asserted in this remedy. The petitioner also filed an administrative remedy with the warden in January 2021 appealing the denial of compassionate release. The remedy was denied, and the petitioner did not appeal further. *Id.* at 13.

Although the petitioner argues that he was unable to attempt the informal resolution, he was able to obtain forms to partially exhaust these other two claims. As he did not complete all the required steps, however, he has not exhausted his administrative remedies. Nor does he explain his failure to exhaust his claim regarding application of Earned Time Credits since the end of the pandemic. The petitioner has not shown cause for failing to exhaust his administrative remedies.

Exhaustion could be excused is if the petitioner was eligible for immediate or imminent release if FSA credits were applied. *See Lallave v. Martinez*, No. 22-CV-791(NGG)(RLM), 2022 WL 2338896, at *9-10 (E.D.N.Y. June 29, 2022). As the petitioner's projected release date is in 2034, and he is seeking application of 1393 Earned Time Credits, or less than four years of credit, his release is not immediate or imminent. Thus, the petitioner is not excused from exhausting his administrative remedies. The petition must be dismissed on this ground. In any event, as discussed below, the claims fail on the merits.

### B. Release to Home Confinement

The petitioner's claim for release to home confinement under the CARES Act is moot. The CARES Act afforded the Bureau of Prisons the authority and discretion to release inmates to home confinement as a measure to address the COVID-19 pandemic. *See* Pub. L. 116-136, § 12003(b)(2). This authority lasted only during the "covered emergency period" which ended thirty days after the national emergency ended. *Id.* On April 10, 2023, President Biden signed into law House Joint Resolution 7, which terminated the national emergency relating to the COVID-19 pandemic. *See* www.congress.gov/bill/118th-congress/house-joint-resolution/7/text/ih (last visited Sept. 25, 2023). Thus, the Bureau of Prisons ability to release inmates to home confinement ended on May 10, 2023. As the Bureau of Prisons no longer has this ability, the petitioner's claim seeking release to home confinement is moot. The petitioner concedes that this claim is moot in his reply brief. *See* ECF No. 17 at 2 ("Mr. Clark realizes now that this ship has sailed due to the official ending of the pandemic").

### C. Earned Time Credits

The petitioner also argues that he should have 1393 Earned Time Credits, not 520, and seeks immediate application of 1393 Earned Time Credits.

Regarding the number of credits, an inmate "may earn time credits only for completing programs to which he has been specifically assigned based on his particular recidivism risk." *Milchin v. Warden*, No. 3:22-CV-195(KAD), 2022 WL 168836, at *3 (D. Conn. May 25, 2022). The plaintiff provides no evidence showing that he was specifically assigned to all the programs for which he claims credits based on his recidivism risk. Thus, he has not shown that the Bureau of Prisons' calculation of his Earned Time Credits is incorrect.

In addition, although an inmate may be accumulating Time Credits each month, he is only "eligible" to have those credits applied to his sentence when he has "earned time credits under the risk and needs assessment system ... in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). Time Credits, like good conduct time, may be lost. *See* 28 C.F.R. § 523.43 (entitled Loss of FSA Time Credits); 28 C.F.R. § 541.3.(loss of FSA Time Credits is an available sanction for prohibited acts). For this reason, the statute provides that, while Time Credits may be accumulated each month, an inmate is not eligible to have those credits applied until the inmate has accumulated "earned time credits under the risk and needs assessment system ... in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). At that time, the Time Credits can be immediately applied and would no longer be subject to loss for future prohibited acts.

The petitioner's projected release date, accounting for good conduct time, is February 18, 2034. The time between May 7, 2023, the date of the response, and February 18, 2034 is 3,940 days. Thus, even if the petitioner were permitted FSA Earned Time Credits for the entire time he references, the total falls far short of the time required before the credits can be applied. Any claim for application of FSA Earned Time Credits is premature and, therefore, without merit. *See Szanyi v. Pullen*, No. 3:22-cv-1253(KAD), 2023 WL 1108469, at *3 (D. Conn. Jan. 30, 2023) (dismissing request to apply FSA Time Credits where petitioner had not earned credits sufficient to equal remainder of her sentence).

## IV. Conclusion

The petition and amended petition for writ of habeas corpus [**ECF Nos. 1 & 13**] are **DENIED**. Any appeal of this order would not be taken in good faith. The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 6th day of November 2023 at Hartford, Connecticut.

_____/s/_____
Michael P. Shea
United States District Judge